IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RHONDA POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-379-GPM |
| | ) | |
| CHARLES E. BONIFIELD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court are two motions in limine filed by Defendant Charles E. Bonifield (Doc. 23, Doc. 26). The Court heard arguments on both motions August 1, 2011 (Doc. 29). For the reasons stated on the record, both motions in limine are DENIED.

Defendant's first motion in limine (Doc. 23) asks the Court to bar the testimony of two previously undisclosed witnesses, nurses Carolyan Westrich and Bernice Campell, and testimony with respect to causation of treating physicians Drs. Gemo Wong, James (Michael) Davis, and Sonjay Fonn. Defendant argues that in order to give testimony on causation, Plaintiff was required to provide Federal Rule of Civil Procedure 26(a)(2)(B) reports for the doctors. In response, Plaintiff stated that she no longer plans to call either Westrich or Campell–and Plaintiff's Rule 26(a)(3) pre-trial disclosure corroborates that neither of the nurses will be called to testify by Plaintiff (Doc. 24, Doc. 28). Plaintiff also argues that Rule 26(a)(2)(B) does not apply to Ms. Powell's treating physicians here, as they were not retained for the purpose of litigation.

A treating physician, specially retained to render a medical opinion, who bases his or her testimony on facts beyond the facts made known to him or her during the course of plaintiff's treatment does require an expert report. *See Meyers v. Narional R.R. Passenger Corp.,* 619 F.3d 729, 734-35 (7th Cir. 2010). Here, however, Plaintiff attests that the physicians causal determinations were made in the course of providing treatment. Plaintiff's disclosures regarding her physicians are sufficient under Rule 26, and Defendant's motion in limine (Doc. 23) is **DENIED**.

In his motion in limine at Doc. 26, Defendant argues that testimony regarding whether or not a warrant was obtained for the search of Plaintiff's home should be barred as irrelevant or overly prejudicial. At the August 1, 2011 hearing, Plaintiff's counsel clarified that the non/existence of a search warrant would not be presented as part of Plaintiff's prima facie case for excessive force. There is no reason to bar evidence regarding a search warrant, or lack thereof, at this time. Defendant's motion in limine (Doc. 26) is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED: August 2, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge