IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RHONDA POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–0379–GPM–SCW |
| | ) |
| CHARLES E. BONIFIELD, JR., | ) |
| | ) |
| Defendant. | ) |

## REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### BACKGROUND

In February 2012, a jury returned a verdict for Defendant Charles Bonifield in this § 1983 excessive force case. Bonifield filed a bill of costs (Doc. 46) on March 1, 2012, and a motion to supplement that bill (Doc. 48) on March 7, 2012. Plaintiff Rhonda Powell filed her objection on March 19 (Doc. 50), and the issue ripened upon Bonifield's response to her objection (Doc. 52). The matter was referred (*see* Doc. 53) by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). The case comes before the undersigned magistrate judge for a Report and Recommendation on Bonifield's Bill of Costs (Doc. 46) and his Motion for Leave to File a Supplemental Bill of Costs (Doc. 48).

For the following reasons, it is **RECOMMENDED** that Bonifield's Motion for Leave to File Supplemental Bill of Costs (**Doc. 48**) be **GRANTED**, that Bonifield's Bill of Costs (Doc. 46) be **GRANTED IN PART and DENIED IN PART**, and that Plaintiff Rhonda Powell pay Bonifield's costs in the amount of **$2,408.65.**

1

**MOTION TO SUPPLEMENT**

As a preliminary matter, the undersigned recommends **GRANTING** (**Doc. 48**) Defendant's Motion for Leave to Supplement his Bill of Costs. Bonifield received a bill for video transcript editing on March 7, 2012, and moved for leave to supplement that same day.

In a sense, the supplement is just a timely addendum to the original bill. Though the unsupplemented Bill of Costs was filed on March 1, 2012, Bonifield had filed it early: judgment was entered on February 22, so March 7 was, in fact, the original deadline. *See* **FED. R. CIV. P. 54(d)(1) (costs must be taxed on 14 days' notice).** The Court further notes that Plaintiff did not oppose the motion to supplement. And the supplemental bill does not prejudice Plaintiff in any way, since she had ample opportunity to oppose the Motion for Leave to Supplement and to argue that the costs of the video transcript bill should not be taxed. Bonifield's Motion for Leave to Supplement Bill of Costs (**Doc. 48**) should be **GRANTED**.

**BILL OF COSTS**

*1. Defendant's Bill & Plaintiff's Objections*

Including the bill for video transcript editing, Defendant's Bill of Costs totals **$3,408.65**.

Defendant's first subtotal, for **$1,829.65**, is for court reporter fees for all or any part of the transcript necessarily obtained for use in the case. That subtotal includes the supplemental bill discussed above. Plaintiff makes no specific objection to the subtotal for transcript fees.

Defendant next bills **$579.00** in witness fees. Those witness fees include one day of attendance for expert witness Christopher Wottowa (totaling $40), one day of attendance and the concomitant mileage for witness Alisha Barr (totaling $159.00), and two days of attendance and mileage for witness Mark Stram (totaling $380.00). Plaintiff makes a specific objection to the fees for Mark Stram, arguing that, since he only testified on one day of the trial, his witness fee should be no more than $190.00.

Finally, Defendant bills **$1,000** for "other costs." Those "other costs" are the fee paid to Bonifield's retained expert, Christopher Wottowa.[1] Plaintiff asserts that the $1,000 in expert fees is not recoverable.

In addition to the specific objections noted above, Plaintiff argues more broadly that Defendant is not entitled to an award of costs because Plaintiff has limited resources and "because the suit was not totally unfounded."

***2. Recommended Conclusions of Law***

Federal Rule of Civil Procedure 54 states, in pertinent part, that costs "should be allowed to the prevailing party." **FED. R. CIV. P. 54(d)(1).** To be compensable, a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement. ***Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987)).** The prevailing party may recover: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. **28 U.S.C. § 1920.** Witness fees for individuals who come willing to testify but do "not actually attend the trial may be allowed as costs when it was reasonably expected that [the witness's] attendance would be necessary and he had held himself in readiness to attend." ***Spanish Action Comm. v. City of Chi.*, 811 F.2d 1129, 1138 (7th Cir. 1987) (internal citations and quotation marks omitted).** A prevailing party seeking reimbursement for fees paid to its own expert witness may not use Rule 54(d) to exceed the

---

[1] The Court notes that, in his response to Plaintiff's objections to the Bill of Costs (Doc. 52), Bonifield does not take issue with Plaintiff's characterization of the $1,000 subtotal as a "fee paid to [his] retained expert." *See* Doc. 50, p. 2.

3

witness fee limit laid out by 28 U.S.C. § 1821. **Chambers v. Ingram, 858 F.2d 351, 360 (7th Cir. 1988) (citing *Crawford Fitting*, 482 U.S. 437 (1987)).**[2]

Rule 54(d) provides a presumption that the losing party will pay costs, but grants courts discretion to direct otherwise. **Rivera v. City of Chi., 469 F.3d 631, 634 (7th Cir. 2006).** District courts may consider a plaintiff's indigency in denying costs under Rule 54(d). **Id. (citing Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003)).** The Seventh Circuit has held that a plaintiff who fails to establish he is incapable of paying court-imposed costs now "or in the future" is not entitled to avoid court-assessed costs via the indigency exception. **McGill v. Faulkner, 18 F.3d 456, 459–60 (7th Cir. 1994).** In *McGill*, even a court finding that the plaintiff was indigent did not prevent costs from being assessed against him, since the court was "not convinced that [the plaintiff] will not *ever* be able to pay the order imposing costs." **Id. (emphasis added).**

Here, the Court first finds that Defendant is entitled to the costs of having witness Mark Stram present for two days. Stram was Defendant's second witness and, since the length of Plaintiff's case in chief was unknown, needed to be at the courthouse on the first day of trial and the second, when he actually testified. Stram was ready to testify, and the expectation that his attendance would be necessary was reasonable. **See Spanish Action Comm., 811 F.2d at 1138.** The Bill of Costs shall not be reduced based on Stram's two days' of availability.

Defendant's bill should, however, be reduced insofar as it is based on Wottowa's expert fees. The Bill of Costs already incorporates Wottowa's per diem fee to testify, and Rule 54(d) does not allow the prevailing party to recover additional expert fees. **Chambers v. Ingram, 858 F.2d 351, 360 (7th Cir. 1988).** The Bill of Costs shall therefore be reduced by **$1,000**.

Powell's asserted indigence is insufficient to excuse her from paying the remaining $2,408.65. While she submits a sworn declaration that she has not worked for over three years and does not

---

[2] When **Chambers** was decided, the daily witness fee was $30 per day. Section 1821 now authorizes a $40 per diem, the amount already accounted for in the unopposed section of Defendant's bill for Chris Wottowa's attendance at trial.

4

currently have the means to pay costs, it does not follow that she will never be able to pay. There is no indication Powell will be unable work — and therefore pay assessed costs — in the future. **See McGill, 18 F.3d at 459 (plaintiff who was indigent at the time taxed costs because he failed to establish he was incapable of paying court-imposed costs now "or in the future."). See also id. at 460 ("[E]ven if [the pro se plaintiff] had . . . demonstrated to the district court's satisfaction that he was indigent, the court still would not have abused its discretion by awarding costs . . . pursuant to Rule 54(d)")**. Powell cannot benefit from the indigency exception to Rule 54(d).

Plaintiff's last hope of avoiding paying Mr. Bonifield is an assertion that Defendant was not entitled to costs because "this suit was not totally unfounded." In support, Powell points to *Hughes v. Rowe*, a civil rights case where the Supreme Court vacated an award of attorney's fees — not costs — against a *pro se* plaintiff whose case was deemed to have some merit, in the sense that it was not "groundless or without foundation." **Hughes v. Rowe, 449 U.S. 5, 14–15 (1980).** Costs and fees are awarded under very different standards: costs are presumptively awarded to a prevailing party, **Rivera, 469 F.3d at 634**; attorney's fees are more sparingly granted to prevailing defendants in § 1983 actions, **see Roger Whitmore's Auto. Servs. v. Lake Cnty., Ill., 424 F.3d 659, 675 (7th Cir. 2005) ("A prevailing defendant may be entitled to fees only in cases in which the plaintiff's action was frivolous, unreasonable, or groundless.")**. Attorney's fees have not been assessed against Plaintiff, and are not at issue in this case. Her reliance on *Hughes* is misplaced.

Defendant's Bill of Costs should therefore be reduced by $1,000, and Plaintiff should be taxed costs in the amount of $2,408.65.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant Bonifield's Motion for Leave to Supplement Bill of Costs **(Doc. 48)** be **GRANTED**, and that Bonifield's Bill of Costs

**(Doc. 46)** be **GRANTED IN PART AND DENIED IN PART**.  Plaintiff Rhonda Powell shall pay Bonifield's costs in the amount of **$2408.65**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Objections to this Report and Recommendation must be filed on or before October 22, 2012.  *See* F**ED**. R. C**IV**. P. 6(d); SDIL-LR 5.1(c).**

**IT IS SO RECOMMENDED.**
**DATE: 10/3/2012**                                                      **/s/ *Stephen C. Williams***
                                                                                          **STEPHEN C. WILLIAMS**
                                                                                          United States Magistrate Judge